IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 22, 2008

Charles R. Fulbruge III
Clerk

No. 07-50375

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JUAN GONZALEZ-TERRAZAS,
also known as Juan Gonzalez-Derasas,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas

Before GARZA, STEWART, and OWEN, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

In response to the Petition for Panel Rehearing filed by the Government, and having duly considered the response, we GRANT the petition and withdraw the prior panel opinion, 516 F.3d 357, in its entirety and substitute the following:

The defendant Juan Gonzalez-Terrazas appeals his sentence of 57 months imprisonment based on his guilty-plea conviction for unlawful reentry of an alien after removal in violation of 8 U.S.C. § 1326. Gonzalez argues that the district court committed plain error in applying a 16-level sentencing enhancement pursuant to United States Sentencing Guidelines (U.S.S.G.) § 2L1.2(b)(1)(A)(ii) for Gonzalez's alleged commission of a "crime of violence" based on his prior conviction under California law for residential burglary, CAL. PENAL CODE § 459

(West 1999). For the following reasons, we VACATE the sentence and REMAND for RESENTENCING.[1]

Gonzalez was removed from the United States in February 2005. In 2006, he was found in El Paso, Texas. He did not have permission to reenter the United States. Gonzalez was charged with and pleaded guilty to one count of illegal reentry following removal in violation of 8 U.S.C. § 1326. Prior to his removal, Gonzalez was convicted of residential burglary in violation of California Penal Code § 459. Because of that conviction, Gonzalez's presentence report (PSR) recommended a 16-level crime-of-violence enhancement under U.S.S.G. § 2L1.2(b)(1)(A). This enhancement resulted in a guideline range of 57 months to 71 months imprisonment. The district court adopted the recommendation and sentenced Gonzalez to 57 months imprisonment. Gonzalez appeals.

Gonzalez argues that the district court plainly erred in applying the 16-level enhancement because, under this court's decision in United States v. Ortega-Gonzaga, 490 F.3d 393 (5th Cir. 2007), a conviction under California Penal Code § 459 for residential burglary does not constitute a crime of violence for the purposes of U.S.S.G. § 2L1.2(b)(1)(A).

We review the district court's application and interpretation of the sentencing guidelines de novo and its factual findings for clear error. United States v. Juarez Duarte, 513 F.3d 204, 208 (5th Cir. 2008); United States v. Villegas, 404 F.3d 355, 358 (5th Cir. 2005). As Gonzalez concedes, because Gonzalez failed to object to the district court's imposition of the 16-level crime-of-violence enhancement, we review this issue for plain error. See United States

---

[1] Gonzalez also challenges on appeal, as he did below, the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors. As Gonzalez properly concedes, this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), and he raises the argument only to preserve it. See United States v. Ortega-Gonzaga, 490 F.3d 393, 394 n.1 (5th Cir. 2007). This argument is "fully foreclosed from further debate." United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007).

v. Garza-Lopez, 410 F.3d 268, 272 (5th Cir. 2005). Plain error occurs when: "(1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights." Villegas, 404 F.3d at 358 (citing United States v. Olano, 507 U.S. 725, 732–37 (1993)). If each of these conditions is satisfied, we may exercise our discretion to correct the error only if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Garza-Lopez, 410 F.3d at 272 (internal quotation marks omitted).

Applying the plain error analysis, we must first determine whether there was an error. Section 2L1.2(b)(1)(A)(ii) provides for a 16-level sentencing enhancement for a defendant deported after committing—among other things—a "crime of violence." The Application Notes to § 2L1.2 define "crime of violence" to include "burglary of a dwelling" or any felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another." See Ortega-Gonzaga, 490 F.3d at 394. The only question here is whether Gonzalez's conviction under California law for residential burglary constituted the enumerated offense of "burglary of a dwelling" under the categorical approach. See id. Under this court's decision in Ortega-Gonzaga, it is clear that it did not.

In Ortega-Gonzaga, this court analyzed the California offense of residential burglary under California Penal Code § 459, applying the categorical approach, and concluded that it did not constitute the enumerated offense of burglary of a dwelling under U.S.S.G. § 2L1.2. Id. at 394–96. In answering the question, the court "look[ed] to the 'generic, contemporary' meaning of burglary of a dwelling, employing a 'common sense approach.'" Id. at 394 (quoting United States v. Santiesteban-Hernandez, 469 F.3d 376, 378–79 (5th Cir. 2006)). The court reasoned that the California offense of residential burglary was not equivalent to the enumerated offense of burglary of a dwelling under U.S.S.G. § 2L1.2 because burglary of a dwelling, as defined in the guidelines, requires an

unprivileged or unlawful entry, while the California offense simply requires proof of an entry, even a lawful entry. Id. at 395. As such, because the burglary offense under California Penal Code § 459 is not the "burglary of a dwelling," and because the Government concedes that § 459 does not have as an element "the use, attempted use, or threatened use of physical force," a § 459 offense does not constitute a crime of violence.

Acknowledging this court's decision in Ortega-Gonzaga, the Government concedes that the burglary offense defined by California Penal Code § 459 does not constitute the enumerated offense of burglary under U.S.S.G. § 2L1.2 because, on its face, the California offense does not require that entry into the residence be without consent. Nonetheless, the Government argues that the criminal complaint against Gonzalez modified the "entry" element of § 459 by including an allegation that Gonzalez did "willfully and unlawfully enter an inhabited dwelling house . . . ." (emphasis added). According to the Government, the state complaint's allegation that Gonzalez willfully and unlawfully entered the dwelling narrowed his California conviction to activity within the definition of the enumerated offense of burglary under U.S.S.G. § 2L1.2. Therefore, the Government contends that Gonzalez's prior burglary conviction was in fact a crime of violence under § 2L1.2.

However, the Government has not demonstrated that this case falls within that "narrow range of cases" in which a district court may look beyond the elements of an offense to classify that offense for sentence enhancement purposes. This court uses a categorical approach to determine whether an offense qualifies as an enumerated offense for sentence enhancement purposes under § 2L1.2. See United States v. Mendoza-Sanchez, 456 F.3d 479, 482 (5th Cir. 2006) (citing Taylor v. United States, 495 U.S. 575, 600–02 (1990)); Garza-Lopez, 410 F.3d at 273. Using this approach, "a district court looks to the elements of a prior offense, rather than to the facts underlying the conviction,

when classifying a prior offense for sentence enhancement purposes." Garza-Lopez, 410 F.3d at 273. However, in a "narrow range of cases" the district court may go beyond the elements of the offense to make this determination. Id. Specifically, "if the statute of conviction contains a series of disjunctive elements, this court may look to the indictment and, if necessary, the jury instructions, for the limited purpose of determining which of a series of disjunctive elements a defendant's conviction satisfies." Mendoza-Sanchez, 456 F.3d at 482 (citing United States v. Calderon-Pena, 383 F.3d 254, 257 (5th Cir. 2004) (en banc)). We have referred to this latter approach, looking beyond the elements of the offense, as the "modified categorical approach." See, e.g., United States v. Castillo-Morales, 507 F.3d 873, 876 n.2 (5th Cir. 2007).

In Ortega-Gonzaga, this court noted that we use the "'modified categorical approach' only to determine of which subsection of a statute a defendant was convicted." 490 F.3d at 396 n.5. Regarding the California burglary offense at issue in this case, the court noted that "[California Penal Code] § 459 has no subsection requiring 'unlawful entry.'" Id. In this way, the court in Ortega-Gonzaga recognized that the modified categorical approach, as applied by this circuit, does not apply to the "entry" element of California Penal Code § 459.[2]

---

[2] This court's decision in United States v. Murillo-Lopez, 444 F.3d 337 (5th Cir. 2006), which neither party cites, is not to the contrary. There, the court applied the modified categorical approach to California Penal Code § 459, but only where the defendant "[did] not argue that the district court improperly considered the criminal complaint in determining whether his burglary conviction constituted a 'crime of violence.'" Id. at 341. Because the defendant conceded that the modified categorical approach was appropriate in that case, the court was not confronted with the threshold question of whether to apply that approach. In addition, the court did not apply the categorical approach to the "entry" element of § 459, as the district court did here; instead, the court applied the approach to a different part of the statute, which contained disjunctive elements, a part of the statute defining the various structures encompassed within the offense of burglary under § 459. Id. at 340, 344. This approach is consistent with the principle that when a statute refers to burglaries of several different types of structures, this court may look to charging papers to see which of the various statutory alternatives (structures) are involved in the particular case. See United States v. Torres-Diaz, 438 F.3d 529, 534 (5th Cir. 2006). In any event, by failing to cite or mention Murillo-Lopez, the Government has abandoned any argument that Murillo-Lopez, as the prior

5

The Government attempts to dismiss the court's discussion of this point as dictum because the court went on to conclude that "[i]n any event, 'unlawful' entry was not a part of Ortega's indictment or conviction." Id. The footnoted language, however, was not dictum; it was one of two alternative holdings, and each is binding. See United States v. Wright, 496 F.3d 371, 375 n.10 (5th Cir. 2007) ("[I]t's well-settled that alternative holdings are binding, they are not dicta.").

In light of Ortega-Gonzaga, the district court erred in applying the 16-level crime-of-violence enhancement based on the defendant's prior conviction under California Penal Code § 459.

Turning to the second prong of the plain error analysis, we must determine whether this error was clear and obvious. We conclude that this error was clear and obvious in light of our decision in Ortega-Gonzaga. Although Ortega-Gonzaga was decided after Gonzalez was sentenced, the error need only be plain at the time of appellate consideration. See Johnson v. United States, 520 U.S. 461, 468 (1997); see also United States v. Martinez-Vega, 471 F.3d 559, 561 (5th Cir. 2006) ("[T]he Supreme Court has made clear that we determine whether the error was plain at the time of appellate consideration—not at the time of trial.").

Finally, applying the last prong of the plain error analysis, we conclude that the error affected the defendant's substantial rights because there is "a reasonable probability that, but for the district court's misapplication of the Guidelines, [Gonzalez] would have received a lesser sentence." Garza-Lopez, 410 F.3d at 275. With the erroneous enhancement, Gonzalez faced a guideline range of 57 to 71 months imprisonment. Without the enhancement, Gonzalez faced a

---

panel precedent, somehow implicitly supersedes Ortega-Gonzaga, such that the rule in Ortega-Gonzaga does not or should not apply. See Yohey v. Collins, 985 F.2d 222, 224–25 (5th Cir. 1993) (issues and arguments not briefed adequately are waived).

guideline range of 24 to 30 months. This significant disparity in guideline ranges based on the erroneous enhancement is sufficient to establish that Gonzalez's substantial rights were affected. See id. (substantial rights affected where the defendant received a seventy-seven month term of imprisonment, but absent plain error, the defendant's guideline range would have been at most thirty-three to forty-one months); Villegas, 404 F.3d at 364 ("In the absence of [the error], Villegas's sentencing range would have been reduced from between twenty-one and twenty-seven months to between ten and sixteen months. Because these two sentencing ranges do not overlap, the district court's error necessarily increased Villegas's sentence and thus affected his substantial rights."). Therefore, the district court's application of the 16-level crime-of-violence enhancement constitutes plain error.

In light of this substantial disparity, this plain error also affects the fairness of the judicial proceedings and warrants the exercise of our discretion to correct the error. See Garza-Lopez, 410 F.3d at 275 (concluding that the imposition of a sentence that was substantially greater than the guideline range affected the defendant's substantial rights "and the fairness of the judicial proceedings"). For these reasons, we VACATE Gonzalez's sentence and REMAND for RESENTENCING.

PRISCILLA R. OWEN, Circuit Judge, CONCURRING.

I join the court's opinion because we are bound by one of two alternative holdings in this Circuit's prior decision in United States v. Ortega-Gonzaga.[1] I respectfully submit, however, that the holding in Ortega-Gonzaga is at odds with Congressional intent in establishing the Sentencing Guidelines and the intent of the Guidelines with regard to what courts have termed "enumerated offenses." I urge our court to consider the issue en banc.

The case before us presents an important question: in determining if a prior conviction was for an enumerated "generic" offense within the meaning of the Guidelines, may we examine the underlying conviction to determine if it contained all the elements of the generic offense even though the statute of conviction did not? We have often examined records of a prior conviction when the statute of conviction could be violated in ways that constituted a generic enumerated offense and in ways that did not to determine if a defendant was convicted of a generic offense.[2] However, it was not until Ortega-Gonzaga that we considered whether a prior conviction could be for a generic offense even if the statute of conviction was lacking one or more elements of the generic offense. I respectfully submit that if a defendant was charged with and a jury found all elements of a generic offense, or the defendant was charged with and pled guilty to such an offense, there has been a prior "conviction for" the generic offense

---

[1] 490 F.3d 393, 396 n.5 (5th Cir. 2007).

[2] See, e.g., United States v. McGee, 460 F.3d 667, 668-69 (5th Cir. 2006) (examining the defendant's indictment and plea agreement to determine that the defendant had burglarized a "building or other structure," rather than a booth, tent, boat, or railroad car, for purposes of an Armed Career Criminal Act enhancement); United States v. Rodriguez-Duberney, 326 F.3d 613, 617 (5th Cir. 2003) (holding that the district court did not err in "look[ing] to the indictment to see if a Travel Act violation involved drug trafficking."); see also United States v. Calderon-Pena, 383 F.3d 254, 258 (5th Cir. 2004) (en banc) (noting that "whenever a statute provides a list of alternative methods of commission . . . we may look to charging papers to see which of the various statutory alternatives are involved in the particular case.").

even if the statute under which the defendant was prosecuted lacks all the requisite elements.

I

The Sentencing Guidelines provision at issue in our case is § 2L1.2(b)(1)(A), and it provides in relevant part:

> (b)   Specific Offense Characteristic
> (1)   Apply the Greatest:
> If the defendant previously was deported, or unlawfully remained in the United States, after—
>> (A)   a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months; (ii) a crime of violence; (iii) a firearms offense; (iv) a child pornography offense; (v) a national security or terrorism offense; (vi) a human trafficking offense; or (vii) an alien smuggling offense, increase by 16 levels. . . .

A "crime of violence" is defined in the Commentary to include "burglary of a dwelling."[3]

I agree with the conclusion in Ortega-Gonzaga that the Guidelines intended that the contemporary, generic meaning of "burglary of a dwelling" was to be applied and that the Supreme Court's interpretation of the contemporary, generic meaning of "burglary" in Taylor v. United States[4] was what was intended by the Guidelines, with the added restriction that the burglary must have been of a dwelling.[5] I am persuaded, however, that Ortega-Gonzaga unduly restricted the examination of what is "a conviction for a felony that is . . . burglary of a dwelling" to the elements contained in the statute of conviction.

---

[3] U.S.S.G. § 2L1.2 cmt. 1(B)(iii) ("'Crime of violence' means any of the following: . . . burglary of a dwelling . . . .").

[4] 495 U.S. 575 (1990) (construing "burglary" within the meaning of the Armed Career Criminal Act, 18 U.S.C. § 924(e)).

[5] Ortega-Gonzaga, 490 F.3d at 395.

Congress stated in the statute creating the Sentencing Commission that the intent of the Guidelines was, among other things, to "avoid[] unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal conduct."[6]  I submit that if a defendant was charged with and a jury found all the elements of generic burglary of a dwelling, or if a defendant so charged admitted to all elements of burglary of a dwelling, that defendant has a prior "conviction for" burglary of a dwelling within the meaning of U.S.S.G. § 2L1.2(b)(1)(A), even though the statute under which the defendant was prosecuted does not have all the elements of generic burglary of a building.  Defendants charged with the elements of generic burglary and who have either been found guilty or who have pled guilty to the elements of generic burglary are defendants "with similar records who have been found guilty of similar criminal conduct" regardless of whether the statutes under which they have been convicted have all the elements of generic burglary.  In other words, a "conviction for" an enumerated offense can be narrower than the statute of conviction, and the purpose of the Sentencing Guidelines is to treat "conviction[s] for" an enumerated offense the same.  In Ortega-Gonzaga, our court refused, in an alternative ruling, to look beyond the underlying statute of conviction to determine whether the actual conviction had been for the generic offense of burglary of a dwelling.  In doing so, our court did not give effect to the statutory purpose of the Guidelines or the meaning of the Guidelines themselves.

In Ortega-Gonzaga, the defendant had previously been convicted under a California statute that did not have all the elements of the generic crime of "burglary of a dwelling" because it permitted a conviction for burglary when entry was not "unlawful or unprivileged."[7]  A panel of our court held, in two

---

[6] 28 U.S.C. § 991(b)(1)(B) (emphasis added).

[7] 490 F.3d at 394.

sentences in a footnote, that this was the end of the inquiry to determine if the 16-level enhancement applied.[8] Since there was "no subsection" of the California statute "requiring 'unlawful' entry," the panel said that we cannot look to the elements with which the defendant was actually charged and convicted.[9] In an alternative holding, however, the panel did actually examine the conviction record and concluded that "'unlawful' entry was not part of Ortega's indictment or conviction."[10]

At least two other circuit courts have held that courts may look beyond a statute that does not have the requisite elements of a generic enumerated offense to determine if the conviction did have those elements.[11] The Ninth Circuit recognized, as this court recognizes in the case before use today, that California Penal Code § 459 "is far too sweeping to satisfy the Taylor definition of generic burglary," but the Ninth Circuit nevertheless held that it should "consider whether other documentation clearly establishes that Velasco-Medina's underlying burglary conviction involved the requisite elements of generic burglary."[12] That court concluded that the prior conviction was for willfully and unlawfully entering a commercial building occupied by a commercial tenant "with the intent to commit larceny and any felony" and that a sixteen-level enhancement was properly imposed under U.S.S.G. § 2L1.2(b)(1)(A).[13] The Seventh Circuit in United States v. White similarly

---

[8] Id. at 396 n.5.

[9] Id.

[10] Id.

[11] United States v. Velasco-Medina, 305 F.3d 839 (9th Cir. 2002); United States v. White, 997 F.2d 1213 (7th Cir. 1993).

[12] Velasco-Medina, 305 F.3d at 851.

[13] Id. at 852-53.

examined the charging papers and guilty plea to determine whether a prior conviction was for burglary when the statutes of conviction, California burglary statutes, did not contain all elements of generic burglary.[14] That court concluded the prior offenses were for generic burglary.[15]

The Supreme Court's decisions in Taylor v. United States[16] and Shepard v. United States[17] do not unambiguously resolve the question before us. In Taylor, the Court recognized that its so-called "categorical approach" permitted examination of something other than the fact of conviction and the elements of the statute of conviction in some cases in which "the state statute under which a defendant is convicted varies from the generic definition" of an offense, in that case burglary,[18] and the state statute defines the offense "more broadly, e.g., by eliminating the requirement that the entry be unlawful, or by including places, such as automobiles and vending machines, other than buildings."[19] The Court held that the "categorical approach," meaning that "the trial court [] look[s] only to the fact of conviction and the statutory definition of the prior offense,"[20] "may permit the sentencing court to go beyond the mere fact of conviction in a narrow

---

[14] 997 F.2d at 1217-18.

[15] Id. at 1218 ("Each of them [five of twelve counts] satisfies Taylor's definition of generic burglary.").

[16] 495 U.S. 575 (1990).

[17] 544 U.S. 13 (2005).

[18] 495 U.S. at 599.

[19] Id.

[20] Id. at 602.

range of cases where a jury was actually required to find all the elements of generic burglary."[21]

If the Court had stopped there, it would seem clear that even if the statute of conviction did not include unlawful entry as an element of burglary, a conviction would nevertheless constitute burglary if a jury found that the defendant had entered unlawfully. However, in an example, although not necessarily a limiting one, the Court said that if a statute "include[d] entry of an automobile as well as a building" but "the indictment or information and jury instructions show that the defendant was charged only with a burglary of a building, and that the jury necessarily had to find an entry of a building to convict, then the Government should be allowed to use the conviction for enhancement."[22] In that example, of course, the statute expressly criminalized entry of a building, and the conviction itself was examined only to determine if the conviction was for that offense rather than entry of an automobile, the latter of which the Court said was not generic burglary. What is not specifically addressed by example in the Taylor decision, and what we are left to ponder, is whether a conviction is to be used to enhance the sentencing range if the statute included a building as the locale and did not require unlawful entry, but a defendant was nevertheless charged with and a jury found unlawful entry of a building.

The final two paragraphs of the Court's holding in Taylor may be in some tension with one another in this regard as well. The Court said, "[w]e therefore hold that an offense constitutes 'burglary' for purposes of a § 924(e) [Armed Career Criminal Act] sentence enhancement if either its statutory definition

---

[21] Id.

[22] Id.

13

substantially corresponds to 'generic' burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant."[23] This seems to unequivocally say that even if a statutory definition does not contain all elements of a generic offense, a prior conviction may nonetheless be used for sentencing enhancement if the charging papers and jury findings contain all the elements of the generic offense.

The subsequent paragraph of Taylor, however, may muddy the waters because it refers to the fact that "not all the former Missouri statutes defining second-degree burglary include all the elements of generic burglary," and "it is not apparent to us from the sparse record before us which of those statutes were the bases for Taylor's prior convictions."[24] If the Court meant by this that the statutes were the beginning and ending points, and there is no need to consider the charging documents and jury findings, then Ortega-Gonzaga was correct. If, however, the Court's language simply did not give a detailed directive as to the steps necessary to give effect to its opinion in the event the statute of conviction did not include all the elements of generic burglary, then Ortega-Gonzaga has unduly restricted the analysis of what constitutes a conviction for a generic offense.

The Supreme Court's decision in Shepard does not shed light on the present question.[25] It simply held that courts may consider certain documentation in determining if a generic offense has been committed in cases

---

[23] Id. (emphases added).

[24] Id. (emphasis added).

[25] Shepard v. United States, 544 U.S. 13 (2005).

in which the defendant pled guilty.[26]  It does not tell us whether courts may conclude there has been a conviction for a generic enumerated offense if the defendant was charged with and pled guilty to all the elements of a generic offense, but the statute of conviction lacks one or more of those elements.

In closing, to summarize, Congress has directed that one of the purposes of the Sentencing Guidelines is to "avoid[] unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal conduct."[27]  This means, to me, that when a defendant is charged with and is either found guilty of or admits to facts that constitute a generic offense, that offense should be treated as a generic offense even if the statute under which the defendant was prosecuted does not contain all those elements.  The defendant in such a case has "been found guilty of similar [generic] conduct."[28]  But for Ortega-Gonzaga, I would so hold.  Because I am foreclosed by Circuit precedent, I do not reach whether Gonzalez-Terrazas's prior California conviction was one for generic burglary of a dwelling.

---

[26] Id. at 26.

[27] 28 U.S.C. § 991(b)(1)(B).

[28] See id.