# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 25, 2008

Charles R. Fulbruge III
Clerk

No. 07-50749
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ALFREDO MANUEL MARTINEZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-100-ALL

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Alfredo Manuel Martinez pleaded guilty without a written plea agreement to unlawfully reentering the United States following deportation, in violation of 8 U.S.C. § 1326. The district court imposed a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A) based on Martinez's prior conviction for burglary under § 459 of the California Penal Code. Martinez now challenges that enhancement.

Because Martinez did not raise this issue in the district court, we review for plain error, which requires (1) error, (2) that is clear or obvious, and (3) that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

affects substantial rights. See United States v. Garza-Lopez, 410 F.3d 268, 272 (5th Cir. 2005). If these conditions are met, we will reverse only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.

In light of United States v. Gonzalez-Terrazas, 529 F.3d 293, 297-98 (5th Cir. 2008), and United States v. Ortega-Gonzaga, 490 F.3d 393, 395-96 (5th Cir.), cert. denied, 128 S. Ct. 410 (2007), burglary under § 459 of the California Penal Code does not constitute burglary of a dwelling under U.S.S.G. § 2L1.2. We reject the Government's suggestion that we employ the modified categorical approach and look to the charging documents in this case to characterize Martinez's burglary offense. See Gonzalez-Terrazas, 529 F.3d at 298; Ortega-Gonzaga, 490 F.3d at 396 n.5. Pursuant to Ortega-Gonzaga and Gonzalez-Terrazas, the enhancement in this case is clear or obvious error, although the district court did not have the benefit of those decisions at the time of sentencing. See United States v. Avants, 278 F.3d 510, 521 n.13 (5th Cir. 2002).

In addition, the error affected Martinez's substantial rights. Absent the 16-level enhancement, his sentencing range would have been substantially lower than 57 to 71 months. See Gonzalez-Terrazas, 529 F.3d at 298. Finally, the sentencing disparity warrants the exercise of our discretion to correct it. See id.

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Martinez also challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 128 S. Ct. 872 (2008).

For the foregoing reasons, the sentence imposed by the district court is VACATED and this matter is REMANDED for resentencing consistent with this opinion.