IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 16, 2009

Charles R. Fulbruge III
Clerk

No. 07-30635
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ABEL DIAZ-SANCHEZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:06-CR-60076-1

Before JONES, Chief Judge, and STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

Abel Diaz-Sanchez appeals from his guilty-plea conviction and sentence for illegal reentry after deportation from the United States. Diaz-Sanchez asserts that the Government failed to show that his prior convictions were "crimes of violence" for enhancement purposes. He specifically contends that the district court erred by relying exclusively on the presentence report's characterization of his prior convictions to conclude that a 16-level enhancement was warranted pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii). The government

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

concedes error and agrees that the correct disposition is to vacate and remand for resentencing.

Diaz-Sanchez did not object to the district court's characterization of his convictions as a "crime of violence." Accordingly, we apply the plain error standard of review, which requires (1) an error, (2) that is clear or obvious, and (3) that affected Diaz-Sanchez's substantial rights. See United States v. Garza-Lopez, 410 F.3d 268, 272 (5th Cir. 2005). If those conditions are met, this court will reverse only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.

The district court adopted the presentence report (PSR) and found that Diaz-Sanchez's prior convictions for aggravated battery and false imprisonment constituted "crimes of violence" warranting a 16-level enhancement under § 2L1.2(b)(1)(A)(ii). However, the record does not contain a citation to the specific Florida statutes under which Diaz-Sanchez was convicted, nor does it include any documentary evidence related to his convictions. The only information in the record concerning Diaz-Sanchez's prior convictions is the PSR's characterization of the offenses.

Although the PSR is presumed to be sufficiently reliable such that a district court may properly rely on it during sentencing," see United States v. Caldwell, 448 F.3d 287, 291 n.1 (5th Cir. 2006), a district court may not rely on "a PSR's characterization of a defendant's prior offense for enhancement purposes." United States v. Garza-Lopez, 410 F.3d 268, 273-74 (5th Cir. 2005). In the instant case, the district court did not disclose the basis for its finding that Diaz-Sanchez's prior offenses constituted "crimes of violence," and nothing in the record indicates that the court relied on something other than the PSR in reaching its conclusion. As the PSR's unsupported conclusion that Diaz-Sanchez's prior offenses were "crimes of violence" was the exclusive basis for the district court's ruling, the district court committed plain error in applying an enhancement under § 2L1.2(b)(1)(A)(ii). See United States v. Gonzalez-Terrazas,

529 F.3d 293, 296-99 (5th Cir. 2008). Moreover, because this error likely increased Diaz-Sanchez's sentence, as the government concedes, the error affected his substantial rights and the fairness of the proceedings. See Gonzalez-Terrazas, 529 F.3d at 299.

In light of the foregoing, we vacate and remand for resentencing. On remand, the district court should permit the government to supplement the record with appropriate documents that may establish the applicable elements of Diaz-Sanchez's prior offenses. United States v. Bonilla-Mungia, 422 F.3d 316, 321 (5th Cir. 2005).

VACATE AND REMAND