**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 20, 2010

Lyle W. Cayce
Clerk

No. 09-50222
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ENRIQUE SANCHEZ-MONTES,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-2742-1

Before BARKSDALE, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Enrique Sanchez-Montes appeals his within-guidelines sentence of 41 months' imprisonment for illegal reentry following deportation, in violation of 8 U.S.C. § 1326. Calculating his Guidelines range at sentencing, the district court applied a 16-level enhancement, pursuant to advisory Sentencing Guideline § 2L1.2(b)(1)(A)(i), for a prior drug-trafficking offense. Sanchez contends the Government failed to produce sufficient evidence establishing his prior felony drug-trafficking conviction where the sentence imposed exceeded 13

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

months.  In that regard, Sanchez contends his conviction for "possession with intent to deliver", conceded during sentencing, did not establish he had a prior conviction involving an "intent to distribute" for purposes of applying the 16-level enhancement.

Because Sanchez did *not* object in district court to the 16-level enhancement, the issue is reviewed only for plain error.  *See United States v. Gonzalez-Terrazas*, 529 F.3d 293, 296 (5th Cir. 2008).  To establish plain error, Sanchez must show a clear or obvious error affecting his substantial rights. *E.g.*, *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

Guideline § 2L1.2(b)(1)(A)(i) provides for a 16-level increase if the defendant was deported after a felony-conviction drug-trafficking offense where the sentence imposed exceeded 13 months.  A "drug-trafficking offense" includes dispensing a controlled substance with intent to distribute, with "distribute" defined as delivering a controlled substance, and "delivery" defined as the actual, constructive, or attempted transfer of a controlled substance.  21 U.S.C. § 802(11), (8); U.S.S.G. § 2L1.2 cmt. n.1(B)(iv).

Sanchez incorrectly asserts there is insufficient evidence to support his prior Iowa felony-conviction for possession of cocaine with intent to deliver, maintaining the only reference to the conviction was by his attorney in district court.  To the contrary, the presentence investigation report (PSR) referred to Sanchez' 1996 Iowa felony-conviction and included, as an addendum, the charging instrument for that offense. *See Shepard v. United States*, 544 U.S. 13, 16 (2005) (holding charging documents constitute reliable evidence of prior guilty-plea convictions). Further, as noted, at sentencing, Sanchez made *no* objections to the PSR, and conceded:  he had a 1996 felony-conviction for possession with intent to deliver a controlled substance;  and the Government possessed the judgment to support the conviction.

With regard to Sanchez' contention his prior offense does *not* qualify as a "drug-trafficking offense" for purposes of the enhancement, Sanchez is in error.

*See United States v. Ford*, 509 F.3d 714, 715 (5th Cir. 2007) (holding a conviction for "possession with an intent to deliver" a controlled substance qualified as basis for sentencing enhancement as "controlled substance offense" under Guidelines).  His offense clearly falls within the definition of a "drug-trafficking offense" under Guideline § 2L1.2. *See* 21 U.S.C. § 802(11), (8); U.S.S.G. § 2L1.2 cmt. n.1(B)(iv).  Accordingly, Sanchez has shown *no* error, much less *plain error*, with respect to the 16-level enhancement.  *See also United States v. Ramirez,* 557 F.3d 200, 204 (5th Cir. 2009); *United States v. Fambro*, 526 F.3d 836, 849-50 (5th Cir. 2008).

AFFIRMED.