**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 23, 2012

Lyle W. Cayce
Clerk

No. 10-41180
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE RUBEN GARAY-CALVILLO, also known as Jose Garay-Calvillo,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:10-CR-1628-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Ruben Garay-Calvillo (Garay) appeals the 51-month sentence imposed after he pleaded guilty to illegal reentry into the United States. *See* 8 U.S.C. § 1326. We affirm.

Garay contends that his attempted murder conviction did not constitute a crime of violence for the purpose of the 16-level adjustment to his offense level under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because Texas's general attempt statute is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

broader than the generic meaning of *attempt*. Garay's contention is foreclosed. *See United States v. Sanchez*, 667 F.3d 555, 560, 563-66 (5th Cir. 2012).

Garay acknowledges that his sentence falls within a properly calculated guidelines range, but he contends that the presumption of reasonableness for within-range sentences does not apply under the facts and circumstances of his case. We ordinarily review sentences for reasonableness in light of the sentencing factors of 18 U.S.C. § 3553(a). *See Gall v. United States*, 552 U.S. 38, 46, 49-50 (2007). In reviewing for reasonableness, we "merely ask[ ] whether the trial court abused its discretion." *Rita v. United States*, 551 U.S. 338, 351 (2007). However, a party who fails to advance a particular argument at sentencing forfeits his right to full appellate review of that argument and is limited to review for plain error. *United States v. Krout*, 66 F.3d 1420, 1434 (5th Cir. 1995); *see also United States v. Duhon*, 541 F.3d 391, 396 (5th Cir. 2008). To succeed on plain error review, the party asserting error must, at minimum, demonstrate first that the district court committed an error and second that the error was clear or obvious. *Puckett v. United States*, 556 U.S. 129, 135 (2009).

Garay claims that his sentence is greater than necessary because it does not account for the following factors that he thinks should have been given significant weight: Garay's age at the time of the enhancing offense of attempted murder, the temporal remoteness of the enhancing offense and of another prior offense, and Garay's limited role in the enhancing offense. Although defense counsel told the district court that the sentence was longer than necessary, he did not explain why that was so. Accordingly, we review Garay's claim of substantive unreasonableness for plain error. *See Duhon*, 541 F.3d at 396*; Krout*, 66 F.3d at 1434.

Garay was 18 years old when the attempted murder occurred in 1993 and 17 when his other prior conviction occurred in 1992. In Garay's view, his youthful acts do not speak to his adult behavior. "Age (including youth) may be relevant in" sentencing in limited circumstances. U.S.S.G. § 5H1.1.

No. 10-41180

Nevertheless, Garay points to no authority that would make it plain that it was error not to give him a shorter sentence because of his age at the times of his prior offenses. Plain error analysis depends on how this court and other courts have interpreted the law. *United States v. Garcia-Rodriguez,* 415 F.3d 452, 455 (5th Cir. 2005). Given the state of the law at the time of trial, it could not have been plain to the district court that it was error to decline to impose a shorter sentence based on Garay's age at the time of the prior offenses. *See United States v. Jackson*, 549 F.3d 963, 977 (5th Cir. 2008). Nor has Garay pointed to any change in the law to show that there was error that is now plain at the time of this appeal. *See United States v. Gonzalez-Terrazas*, 529 F.3d 293, 298 (5th Cir. 2008). This claim fails plain error review. *See Puckett*, 556 U.S. at 135.

Garay asserts that the district court gave insufficient weight to the fact that his prior convictions occurred more that 17 years before sentencing in the instant case. In essence, he asserts that his prior convictions were stale. We recently concluded that "the staleness of a prior conviction used in the proper calculation of a guidelines-range sentence does not render a sentence substantively unreasonable" and does not "destroy the presumption of reasonableness that attaches to such sentences." *United States v. Rodriguez*, 660 F.3d 231, 234 (5th Cir. 2011). This claim has no merit.

Additionally, we reject as unfounded the claim that the district court did not account for the fact that Garay played a limited role in the attempted murder. Although Garay disagrees with the district court's analysis of his criminal past, that disagreement is an insufficient basis for us to decline to apply the presumption of reasonableness to his within-range sentence and to impose instead the lower sentence that he thinks is reasonable. *See Gall*, 552 U.S. at 51; *see also United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Garay has not shown error, much less plain error, in connection with this claim. *See Puckett*, 556 U.S. at 135; *Campos-Maldonado*, 531 F.3d at 339.

No. 10-41180

Garay preserves for possible further review his contention that a presumption of reasonableness should not apply to sentences calculated under § 2L1.2 because that Guideline is penologically flawed.

AFFIRMED.