**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 16, 2013

Lyle W. Cayce
Clerk

No. 12-40872

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JERMAINE KEYES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CR-1193-1

Before REAVLEY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jermaine Keyes appeals from his conviction for possession with intent to distribute marijuana, asserting that the district court erred and imposed an unreasonable sentence in holding him responsible for additional marijuana from a previous case in which he was acquitted.

This Court reviews the district court's application and interpretation of the sentencing guidelines de novo and its factual findings for clear error. *United States v. Gonzalez-Terrazas*, 529 F.3d 293, 296 (5th Cir. 2008). The district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-40872

court's findings about the quantity of drugs on which a sentence should be based, including amounts that were part of a common plan or scheme, are findings of fact which are reviewed for clear error. *United States v. Mitchell*, 964 F.2d 454, 457-58 (5th Cir. 1992). The district court here did not clearly err in light of the temporal proximity and similarity of the offenses (*e.g.*, transporting similar quantities of marijuana in similar packaging in a tractor trailer from a similar starting point after similar stops to a similar destination).[1] AFFIRMED.

---

[1] Despite the statement at oral argument by defense counsel that the destinations of Southaven, Mississippi, and Memphis, Tennessee, are "separated by hundreds of miles," Southaven is actually a suburb of Memphis.