# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-40602
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 6, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARMANDO ARELLANO-VELASQUEZ, also known as Cijifrido Velasquez Arellano,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-1751-1

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:*

Armando Arellano-Velasquez (Arellano) appeals the 57-month sentence of imprisonment imposed on his guilty plea conviction for illegal reentry into the United States following removal. *See* 8 U.S.C. § 1326. He maintains that the district court misapplied U.S.S.G. § 2L1.2(b)(1) when it enhanced his base offense level by 16 levels.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40602

Because Arellano forfeited this claim of error by not urging it in the district court, we review for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To succeed on plain error review, Arellano must show (1) a forfeited error (2) that is clear or obvious and (3) that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). On such a showing, we may exercise our discretion "to remedy the error . . . if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, bracketing, and citation omitted).

A Georgia state court convicted Arellano in March 2011 for possessing cocaine with intent to distribute. He was sentenced to five years of imprisonment, with one year to be served in custody and four years on probation. Arellano was removed to Mexico in November 2011, but he crossed the border from Mexico into the United States on September 23, 2012, without permission from the Attorney General. Georgia revoked Arellano's probation in October 2012 and imposed a 180-day prison term. The district court adopted the presentence report, which reasoned that Arellano's Georgia sentence exceeded 13 months and consequently that the 16-level enhancement under § 2L1.2(b)(1)(A)(i) was in order, given that Arellano received criminal history points for the offense.

Because no violation of the Ex Post Facto Clause resulted, the district court was correct to apply the 2012 version of the Sentencing Guidelines manual. *See United States v. Rodarte-Vasquez*, 488 F.3d 316, 322 (5th Cir. 2007). However, the district court misinterpreted that version, which contained a change made by Amendment 764 that clarified how the length of a prior drug trafficking sentence is to be calculated for § 2L1.2(b)(1) enhancement purposes. *See* United States Sentencing Commission,

Guidelines Manual, Supp. to Appendix C, Amendment 764, pp. 11-12 (Nov. 1, 2012). Under the amendment, "the term of imprisonment imposed upon revocation [of a term of probation] counts toward the calculation of the offense level in § 2L1.2 only if it was imposed before the defendant was deported or unlawfully remained in the United States." Amendment 764, comment.; *see* § 2L1.2 comment. (n.1(B)(vii)) (effective November 1, 2012).

The 180-day addition to the Georgia prison sentence did not occur until probation was revoked in October 2012, after Arellano's 2011 removal. Therefore, under the 2012 version of the Guidelines, the term of imprisonment imposed upon that revocation was not includable when calculating Arellano's sentence for the 2011 Georgia offense used for enhancing the sentence in the instant case. *See* § 2L1.2 comment. (n.1(B)(vii)). Consequently, the district court committed plain error when it misinterpreted the Guideline and enhanced Arellano's base offense level by 16 levels under § 2L1.2(b)(1)(A)(i) rather than by 12 levels under § 2L1.2(b)(1)(B). *See Puckett*, 556 U.S. at 135; *see also United States v. Gonzalez-Terrazas*, 529 F.3d 293, 298 (5th Cir. 2008).

But for that error, Arellano's offense level would have been 17 and the sentencing guidelines range would have been 37 to 46 months, significantly lower than the 57-month sentence imposed. The error therefore affected Arellano's substantial rights. *See Puckett*, 556 U.S. at 135; *United States v. Gonzales*, 484 F.3d 712, 716 (5th Cir. 2007). Given that the district court's error affected his sentence, Arellano has shown that the error "seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Gonzales*, 484 F.3d at 716.

SENTENCE VACATED; CASE REMANDED FOR RESENTENCING.