# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40865
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 16, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RUBEN DARIO DE LA GARZA-GUTIERREZ, also known as Gerardo Rubalcava-Gonzalez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:12-CR-900-1

Before STEWART, Chief Judge, JOLLY and SOUTHWICK, Circuit Judges.
PER CURIAM:[*]

Ruben Dario De La Garza-Gutierrez (De La Garza) pleaded guilty to being illegally present in the United States after removal and was sentenced within the advisory guidelines range to a 27-month term of imprisonment. He argues on appeal that the district court erred in imposing an eight-level aggravated felony enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(C) based

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on his prior conviction of conspiring to launder monetary instruments.  De La Garza contends that the district court improperly relied on information in the Presentence Report (PSR) to determine that his prior offense warranted the § 2L1.2(b)(1)(C) enhancement.  He also asserts that the judgment should be reformed to reflect sentencing under 8 U.S.C. § 1326(b)(1), rather than under the "aggravated felony" provision of § 1326(b)(2).

As De La Garza concedes, his failure to raise these issues in the district court results in plain error review.  *See United States v. Gonzalez-Terrazas*, 529 F.3d 293, 296 (5th Cir. 2008).  To show plain error, De La Garza must show a forfeited error that is clear or obvious and that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*

An offense described in 18 U.S.C. § 1956 relating to the laundering of monetary instruments is an aggravated felony "if the amount of the funds exceeded $10,000."  8 U.S.C. § 1101(a)(43)(D).  Under § 1101(a)(43)(U), "an attempt or conspiracy to commit an offense described in this paragraph" is also an aggravated felony.

The Government has supplemented the record with a copy of the plea agreement in De La Garza's prior money laundering conspiracy conviction; it shows that the amount of the funds involved in the offense easily exceeded the $10,000 threshold of § 1101(a)(43)(D).  We may properly consider the plea agreement in determining whether the prior conviction was an aggravated felony. *See Shepard v. United States*, 544 U.S. 13, 16 (2005); *United States v. Fernandez-Cusco*, 447 F.3d 382, 388 (5th Cir. 2006).  If in view of the foregoing, De La Garza has not established plain error in the application of the

§ 2L1.2(b)(1)(C) aggravated felony enhancement, and reformation of the judgment is not warranted.

AFFIRMED.