# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40491

United States Court of Appeals
Fifth Circuit

**FILED**

October 30, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DARLIN RODRIGUEZ-HERRERA,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:12-CR-1111

Before KING, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Darlin Rodriguez-Herrera was convicted for being illegally present in the United States after deportation following a conviction for an aggravated felony. On appeal, he challenges the 16-level increase in his Sentencing Guidelines offender level under U.S.S.G. § 2L1.2(b)(1)(A) based on a prior conviction for a "drug trafficking offense." We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40491

## FACTUAL AND PROCEDURAL BACKGROUND

Rodriguez-Herrera pled guilty to being an alien unlawfully present in the United States after deportation following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b).  The presentence investigation report ("PSR") assigned him a total offense level of 21, which included a 16-level increase under U.S.S.G. § 2L1.2(b)(1)(A) for having a prior conviction for "a drug trafficking offense," namely, a controlled substance conviction in North Carolina state court.  At sentencing the Government introduced a North Carolina criminal bill of information and judgment.  The North Carolina Superior Court judgment lists the "Offense Description" as "conspiracy to sell and deliver cocaine" in violation of North Carolina General Statute § 90-95.[1] Rodriguez-Herrera did not object to this 16-level increase at sentencing.

The PSR assigned Rodriguez-Herrera a criminal history category of III, resulting in a Sentencing Guidelines imprisonment range of 46 to 57 months. The district court sentenced him to 48 months of imprisonment.  He filed a timely notice of appeal, and he now challenges the 16-level enhancement based on U.S.S.G. § 2L1.2(b)(1)(A).

## STANDARD OF REVIEW

Where, as here, a criminal defendant fails to object at sentencing to a Guidelines offense level enhancement, we review its application for plain error. *United States v. Gonzalez-Terrazas*, 529 F.3d 293, 296 (5th Cir. 2008).  This standard of review is compelled by Federal Rule of Criminal Procedure 52(b), which provides that "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention." *Henderson v. United States*, 133 S.Ct. 1121, 1124-25 (2013) (quoting Fed. R. Crim. P.

---

[1] The North Carolina judgment listed the defendant's name as Norvin Alberto, which the Government contends is Rodriguez-Herrera's alias.  He does not dispute this contention.

52(b)). "Plain error occurs when: (1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights." *Gonzalez-Terrazas*, 529 F.3d at 296 (internal quotation marks omitted). "If each of these conditions is satisfied, we may exercise our discretion to correct the error only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). The question of whether an error is "plain" is assessed at the time of appellate review. *Henderson*, 133 S.Ct. at 1124-25. "[L]ower court decisions that are questionable but not *plainly* wrong (at time of trial or at time of appeal)" cannot be corrected on plain error review. *Id.* at 1130.

## DISCUSSION

Rodriguez-Herrera argues that his North Carolina controlled substances conviction was not for a "drug trafficking offense" under U.S.S.G. § 2L1.2(b)(1)(A), so the 16-level enhancement does not apply.[2]  For purposes of U.S.S.G. § 2L1.2(b)(1)(A),

> "Drug trafficking offense" means an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

*Id.* cmt. n.1(B)(iv).  This definition also includes "the offense[ ] of aiding and abetting, conspiring, and attempting, to commit" a drug trafficking offense. *Id.* cmt. n.5.

To determine whether a prior conviction qualifies for a sentencing enhancement, we use the categorical approach or the modified categorical

---

[2] For the 16-level enhancement to apply, the prior conviction also must have been for a felony, it must receive criminal history points, and the sentence imposed must have exceeded 13 months. U.S.S.G. § 2L1.2(b)(1)(A). Rodriguez-Herrera does not contest that the North Carolina conviction meets these other requirements.

No. 13-40491

approach. *Gonzalez-Terrazas*, 529 F.3d at 297. The categorical approach asks whether the particular statute of conviction, standing alone, always qualifies for a sentencing enhancement. *Id.* If the statute would not always qualify for a sentencing enhancement and is written in the disjunctive, we apply the modified categorical approach, looking to a limited number of court documents related to the defendant's prior conviction to determine whether he was actually convicted for a part of the statute that qualifies for an enhancement. *Id.* In making this determination, we can only "look at so-called *Shepard* documents." *United States v. Conde-Castaneda*, 753 F.3d 172, 176 (5th Cir. 2014). Where the prior conviction was obtained through a guilty plea, as was the case here, *Shepard* documents are "the statement of factual basis for the charge, shown by a transcript of plea colloquy or by written plea agreement presented to the court, or by a record of comparable findings of fact adopted by the defendant upon entering the plea." *Shepard v. United States*, 544 U.S. 13, 20 (2005).

A violation of the statute for which Rodriguez-Herrera was convicted (N.C. Gen. Stat. § 90-95) does not categorically qualify as a "drug trafficking offense." *United States v. Lopez-Salas*, 513 F.3d 174 (5th Cir. 2008). But the statute is written in the disjunctive. *See* N.C. Gen. Stat. § 90-95(a). Thus, we apply the modified categorical approach and look to *Shepard* documents related to Rodriguez-Herrera's prior conviction. *See Gonzalez-Terrazas*, 529 F.3d at 297.

Rodriguez-Herrera argues that the documents regarding his North Carolina conviction do not provide enough information to show that he was convicted of a drug trafficking offense. We have two *Shepard* documents at our disposal: the judgment and a criminal information. The North Carolina judgment lists the "Offense Description" as "conspiracy to sell and deliver cocaine" and the offense date as May 15, 2008. It does not, however, specify

4

the charging instrument to which Rodriguez-Herrera pled guilty.  The North Carolina information is consistent with the judgment, stating that the offense was "conspiracy to sell and deliver cocaine" and that the offense date was May 15, 2008.  Further, both the judgment and the information list the same file number (08CRS1588), the same court (the Superior Court Division in Pender County), and the same offense class (G).  The criminal information charges that "the defendant named above unlawfully, willfully and feloniously did conspire to knowingly sell and/or deliver a controlled substance (cocaine) to another person."

Rodriguez-Herrera argues that it is plain error to consider the "Offense Description" listed in the North Carolina judgment because there is no indication that he assented to a judicial finding that his conviction involved a conspiracy to sell or deliver cocaine.  He points out that a judicial abstract is generally insufficient to prove the part of a statute to which a defendant pled guilty.  *United States v. Gutierrez-Ramirez,* 405 F.3d 352, 357-58 (5th Cir. 2005).  But the instant case is clearly distinguishable from *Gutierrez-Ramirez* because, there, the abstract of judgment was the only evidence showing that the conviction was for a particular part of a statute.  *See id.* at 358 n.11.  In contrast, here, we have both the judgment, which contains a notation specifying the particular offense, *and* a criminal information that is completely consistent with the judgment and its notation.  Taken together, the notation on the judgment and its consistency with the criminal information strongly indicate that Rodriguez-Herrera pled guilty to that particular criminal information, which charges conspiracy to sell and/or deliver cocaine.  Thus, particularly given the lack of any directly on-point precedent here, it is not

No. 13-40491

clear and obvious error to determine that Rodriguez-Herrera's prior conviction was for conspiracy to sell and/or deliver cocaine.

Rodriguez-Herrera next argues that a prior conviction for conspiracy to sell and/or deliver cocaine is not a drug trafficking offense for two reasons, but neither of his arguments demonstrates clear and obvious error. First, he argues that a prior North Carolina conviction for conspiracy does not qualify for a Sentencing Guidelines enhancement because North Carolina law does not include an overt act as an element of conspiracy. But we recently decided that a prior state conviction for conspiracy to commit murder qualifies for a U.S.S.G. § 2L1.2(b)(1)(A) enhancement, even if state law does not include an overt act as an element of conspiracy to commit murder. *United States v. Pascacio-Rodriguez*, 749 F.3d 353, 367-68 (5th Cir. 2014). Given this precedent, applying a Sentencing Guidelines enhancement based on a North Carolina conspiracy conviction is not clear and obvious error, even though the conviction did not require proof of an overt act.

Second, Rodriguez-Herrera argues that his prior conviction for "delivering" or "selling" is not a "drug trafficking offense" because it could actually be a conviction for "administering" rather than "distributing" or "dispensing," and the Sentencing Guidelines do not include "administering" in the definition of a "drug trafficking offense." But we recently decided that a defendant cannot avoid an enhancement under U.S.S.G. § 2L1.2(b)(1)(A) based on the mere theoretical possibility that state law might sweep more broadly than the Sentencing Guidelines by allowing convictions for "administering" a controlled substance. *United States v. Teran-Salas*, __ F.3d __, 2014 WL 4548530, at *4-6 (5th Cir. Sept. 15, 2014). Instead, the defendant must show a "realistic probability" that the state would apply the relevant statute to punish "administering" a controlled substance more expansively than the Sentencing Guidelines definition of a "drug trafficking offense." *Id.* Here,

6

No. 13-40491

Rodriguez-Herrera has not established such a "realistic probability" because, for example, he has not pointed to any North Carolina case that has punished "administering" in this way.

## CONCLUSION

Applying the 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A) to Rodriguez-Herrera's offense level was not plain error. Accordingly, the judgment is AFFIRMED.