UNITED STATES of America,
Plaintiff–Appellee,

v.

Alfredo Saucedo PEREZ,
Defendant–Appellant.

No. 89–1702
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 21, 1990.

Joseph M. Layman (court appointed), Charles McDonald, Waco, Tex., for defendant-appellant.

LeRoy Morgan Jahn, C. Larry Mathews, Jr., Asst. U.S. Attys., and Helen M. Eversberg, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before POLITZ, GARWOOD, and JOLLY, Circuit Judges.

POLITZ, Circuit Judge:

Convicted of three counts involving firearms Alfredo Saucedo Perez appeals his convictions, claiming that the court erred by declining to give two requested charges, and his sentences, contending that the court erred by enhancing his sentence. We find no error and affirm.

## Background

Although the facts generally were vigorously disputed in this case, some facts are not disputed. There is no dispute that in the early morning hours of June 14, 1988 shots were fired from Perez's pickup truck during the course of an encounter between one or more persons in Perez's vehicle and one or more persons in another vehicle. There is no dispute that the police officers, responding to a report of a shooting, shortly thereafter apprehended Perez and two juvenile passengers and found a sawed-off shotgun, ammunition, and a .22 calibre rifle in Perez's pickup truck. Perez maintains that his girlfriend's former boyfriend started the incident by shooting at Perez as he spoke with two young friends of his son. According to Perez one of the boys was carrying a shotgun and, after jumping into Perez's truck, returned the fire in order to scare off the assailant. The government maintains that the shotgun belonged to Perez and that he fired the shots. As to the .22 caliber rifle, Perez maintains that he merely held it as security for the payment of an auto battery that Perez had sold on credit.

Perez has at least four prior felony convictions. He was indicted for possession of a firearm by a felon, 18 U.S.C. §§ 922(g)(1), 924(a); possession of an unregistered firearm, 26 U.S.C. §§ 5861(d), 5871; and possession of a firearm without a serial number, 26 U.S.C. §§ 5861(i), 5871. The jury returned verdicts of guilty on all three counts. Perez was sentenced to 60 months imprisonment on the first count and 105 months imprisonment on each of the remaining counts with the sentences to run concurrently. Perez timely appealed.

## Analysis

1. Application of Sentencing Guidelines.

■ The district court calculated Perez's sentence for the 26 U.S.C. § 5861 violations from Guideline § 2K2.2[1] of the Sentencing Guidelines. Subsection (c)(1) of that guideline provides:

> If the defendant used the firearm in committing or attempting another offense, apply the guideline for such other offense or § 2X1.1 (Attempt or Conspiracy), if the resulting offense level is higher than that determined above.

Applying this guideline, the court adjusted the base offense level upwards for the use of a firearm during the commission of an aggravated assault. Guideline § 2A2.2. Perez maintains that there was not sufficient evidence of the intent required to support this upward adjustment.

■ On appellate review we will affirm a sentencing court's factual findings, unless

---

1. Guideline § 2K2.2 was amended, effective November 1, 1989. The amendment is inapplicable to this case because Perez was sentenced prior to its effective date. 18 U.S.C. § 3553(a)(4).

clearly erroneous, and typically accord deference to its application of the Guidelines. 18 U.S.C. § 3742(e); *United States v. Mejia–Orosco,* 867 F.2d 216 (5th Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 3257, 106 L.Ed.2d 602 (1989). Applying this standard, we find no error.

The assault offense which caused the court to enhance Perez's sentence is akin to the federal offense of assault with a dangerous weapon with intent to do bodily harm, 18 U.S.C. § 113(c). In *Shaffer v. United States,* 308 F.2d 654 (5th Cir.1962), *cert. denied,* 373 U.S. 939, 83 S.Ct. 1544, 10 L.Ed.2d 694 (1963), we established a test for the "intent to do bodily harm" element of that offense:

This is not to be measured by the secret motive of the actor or some undisclosed purpose merely to frighten, not to hurt. This is to be judged objectively from the visible conduct of the actor and what one in the position of the victim might reasonably conclude.

308 F.2d at 655.[2] Under this objective test, the jury's necessary finding that Perez possessed the shotgun, and Perez's admission at trial that shots were fired from the cab of his pickup during the encounter, are sufficient to establish that Perez had the requisite intent to do bodily harm. Taken together the circumstances were sufficient to support the district court's determination that Perez fired the weapon. It is not critical in which direction the gunman aimed; any shot would lead the persons in the other vehicle reasonably to conclude that the person shooting was threatening imminent bodily harm. *Cf. United States v. Shinners,* 892 F.2d 742 (8th Cir.1989) (aggravated assault enhancement of sentence for firearms possession affirmed where gun fired into air during a scuffle).

Finally, the government need not produce direct evidence that Perez intended to do more than frighten the occupants of the other vehicle. The court's factual finding that Perez used the shotgun to commit aggravated assault was not clearly erroneous.

■ Perez next contends that the trial court did not adequately explain its adjustment decision. We disagree. In rejecting the presentence investigation report recommendation to enhance the sentence for use of the firearm in attempted murder, the court stated:

Well, I do recall the testimony from the trial.... I feel that the cross-reference should be to aggravated assault rather than attempted murder. Attempted murder is an offense which requires an intent, and I don't think that was present in this case, although ... it can be inferred with more definite evidence concerning the discharge of the firearm. So, in that regard, the guideline range will be changed in accordance with Section 2A2.2, "Assault"....

Contrary to Perez's contention, the court did not depart from the Guidelines; thus, the requirement that the court explain the reasons for imposing a sentence different from that indicated by the Guidelines does not apply. *See* 18 U.S.C. § 3553(c). Although the court must resolve reasonable factual disputes "concerning a factor important to the sentencing determination," Guideline § 6A1.3, the court's decision to apply the aggravated assault enhancement rather than the enhancement for attempted murder constituted an adequate resolution of the matter. We note that the defendant did not further object or request additional explanation. Although a more specific fact-finding would have been preferable,

---

**2.** Our selection of a federal standard to determine whether Perez committed aggravated assault is informed by the Background Commentary to Guideline § 2K2.1(c)(1), which is identical to Guideline § 2K2.2(c)(1). The Commentary states:

The firearm statutes often are used as a device to enable the federal court to exercise jurisdiction over offenses that otherwise could be prosecuted only under state law. For example, a convicted felon may be prosecuted for possessing a firearm if he used the firearm to rob a gasoline station. Such prosecutions result in high sentences because of the true nature of the underlying conduct. The cross reference at § 2K2.1(c) deals with such cases. Enhancement of the federal sentence should not depend on the elements of the state offense, which may vary from state to state, but should be uniformly applied nationwide in accordance with the defendant's actual conduct.

the court's application of the Guidelines passes muster.

2. Jury Instructions.

Perez challenges his conviction because the district court refused to give two instructions he requested. A conviction will not be overturned for refusal to give a requested jury charge unless "that instruction is legally correct, represents a theory of defense with basis in the record which would lead to acquittal, and ... that theory is not effectively presented elsewhere in the charge." *United States v. Mollier,* 853 F.2d 1169, 1174 (5th Cir.1988), *quoting, United States v. Rubio,* 834 F.2d 442, 447 (5th Cir.1987). Because Perez's proffered jury instructions fail to meet this standard, we affirm.

■ The first proposed instruction was that the jury should find Perez not guilty of violating sections 922(g)(1) and 924(a) if it found that he reasonably believed that the .22 caliber rifle was inoperable. Conviction under these statutes does not require that a defendant know his conduct violates the law; rather the defendant need only know that he possessed a firearm to have the requisite scienter. *United States v. Dancy,* 861 F.2d 77 (5th Cir.1988). An inoperable firearm is nonetheless a firearm. *United States v. Coburn,* 876 F.2d 372 (5th Cir.1989); *United States v. York,* 830 F.2d 885 (8th Cir.1987), *cert. denied,* 484 U.S. 1074, 108 S.Ct. 1047, 98 L.Ed.2d 1010 (1988).

■ The second proposed instruction was that the jury should find Perez not guilty of violating section 5861 if it found that the shotgun had been placed in his truck by another. This requested instruction misconstrues the law of possession. Possession may be actual or constructive. Constructive possession is the knowing exercise of, or the power or right to exercise dominion or control over the item at issue, and may be shown by dominion over the vehicle in which the item is located. *United States v. Williams–Hendricks,* 805 F.2d 496 (5th Cir.1986). That one or both of the juveniles may have "abandoned" the shotgun in Perez's truck when the police drew near is irrelevant. Perez had possession, either actual or constructive. The court did not err in refusing to give the requested instructions.

The convictions and sentences are AFFIRMED.