931 F.2d 55
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Brian K. CROSS, Defendant-Appellant.
 No. 90-5829.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 7, 1991.
Decided April 22, 1991.
As Amended May 6, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (CR-90-17-R)
 Michael Morchower, Morchower, Luxton and Whaley, Richmond, Va., (Argued), for appellant; Lauren A. Adler, Morchower, Luxton and Whaley, Richmond, Va., on brief.
 Stephen Wiley Miller, Office of the United States Attorney, Richmond, Va., (Argued), for appellee; Henry E. Hudson, United States Attorney, S. David Schiller, Assistant United States Attorney, Richmond, Va., on brief.
 E.D.Va.
 AFFIRMED.
 Before SPROUSE and WILKINSON, Circuit Judges, and GRAHAM CALDER MULLEN, United States District Judge for the Western District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Appellant contends that the evidence was insufficient to convict him of using a firearm during a crime of violence in violation of 18 U.S.C. Sec. 924(c)(1). We affirm his conviction.
 
 I.
 
 2
 Appellant Brian Cross was employed as a clerk at the Internal Revenue Service Distribution Center in Henrico County, Virginia. On the evening of January 25, 1990, Cross quit his job apparently because he could not get along with his supervisor, Wayne Edwards. Before Cross left the IRS Center that evening, he attacked Edwards by striking him from behind on the head. Edwards filed a state court criminal complaint against Cross.
 
 
 3
 Late on the night of February 8, 1990, Cross drove to the IRS Center and parked approximately twenty seven feet from the entrance. From the car, Cross could see Edwards standing inside the entrance ensuring that employees did not leave work early. Also stationed near the entrance was a receptionist, Marsha Banks. Cross pulled out a gun and brandished it at Edwards and Banks. A fearful Edwards ran to call the police. Cross left the scene in his car.
 
 
 4
 Cross returned a few minutes later. Cross called another supervisor, Darrell Jackson, over to his car. Cross told Jackson to deliver a message to Edwards: unless Edwards dropped the state assault charge, Cross would hurt or kill him. During this time, Jackson could see a pistol positioned on the seat next to Cross. Cross then drove away and Jackson conveyed the message to Edwards.
 
 
 5
 On February 20, a grand jury returned a four count indictment against Cross. Count one charged Cross with violating 18 U.S.C. Sec. 111(a)(1) by interfering with Edwards while he was performing official duties on January 25. Counts two and three charged Cross with assaulting Banks and Edwards on February 8 in violation of 18 U.S.C. Sec. 113(e). Finally, the fourth count charged him with violating 18 U.S.C. Sec. 924(c)(1) by using a firearm during a crime of violence on February 8.[1] Following a bench trial, Cross was convicted of and sentenced on all four counts. Cross now appeals his conviction on the fourth count.
 
 II.
 
 6
 Cross contends that the government failed to satisfy its burden of proof on the elements allegedly necessary for a Sec. 924(c)(1) violation: proof that possession of the firearm was itself unlawful and evidence that the firearm was used in a crime of violence. In regard to the first element, Cross quite simply misstates the law. Prior to 1984, Sec. 924(c)(2) mentioned the unlawful carrying of a firearm during a felony. In 1984, however, reference to whether possession of the firearm was itself unlawful was deleted from Sec. 924(c).
 
 
 7
 As a result, the sole element of a Sec. 924(c)(1) offense is proof beyond a reasonable doubt that the defendant used or carried the firearm during a crime of violence. Although the government did not actually charge Cross with a crime of violence related to the firearm, it introduced ample evidence that demonstrated his involvement in various crimes of violence such as 18 U.S.C. Sec. 113(c) (1988). Section 113(c) makes it a felony to assault someone with a dangerous weapon with intent to do bodily harm. Intent to do bodily harm is "judged objectively from the visible conduct of the actor and what one in the position of the victim might reasonably conclude." United States v. Perez, 897 F.2d 751, 753 (5th Cir.1990). Here, a person in Wayne Edwards's position could reasonably conclude that Cross intended to do bodily harm by pointing the weapon at him. Therefore, we hold that sufficient evidence supports the district court's conclusion that Cross used a firearm while engaged in a crime of violence.
 
 III.
 
 8
 For the foregoing reasons, the judgment of the district court is
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 18 U.S.C. Sec. 924(c)(1) (1988) provides in pertinent part that whoever, during and in relation to any crime of violence for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence, be sentenced to imprisonment for five years
 Section 924(c)(3) defines a crime of violence as an offense that is a felony and--
 (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
 (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.