**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 95-5867

WILLIAM SHEROD, III,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Joseph H. Young, Senior District Judge.
(CR-94-310-L)

Submitted: March 27, 1997

Decided: April 9, 1997

Before RUSSELL, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph R. Conte, BOND, CONTE & NORMAN, Washington, D.C.,
for Appellant. Lynne A. Battaglia, United States Attorney, Raymond
A. Bonner, Assistant United States Attorney, Greenbelt, Maryland,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

William Sherod appeals his criminal conviction for being a felon in possession of a firearm in violation of 18 U.S.C.§ 922(g)(1) (1994). Sherod raises only one issue on appeal. He contends that the evidence at trial was insufficient to prove that he was in possession of the firearms in question.

Considering the evidence in a light most favorable to the Government, as we must, Glasser v. United States, 315 U.S. 60, 80 (1942), there was sufficient evidence to show that Sherod had constructive possession of the firearms. "`[T]o establish constructive possession the government must produce evidence showing ownership, dominion, or control over . . . the vehicle in which the contraband is concealed.'" United States v. Blue, 957 F.2d 106, 107 (4th Cir. 1992) (quoting United States v. Ferg, 504 F.2d 914, 916-17 (5th Cir. 1974) (ellipsis added)); see also United States v. Perez, 897 F.2d 751, 754 (5th Cir. 1990) (noting constructive possession "may be shown by dominion over the vehicle in which the item is located"). The testimony at trial positively identified Sherod as the driver of the vehicle in the trunk of which the police discovered firearms. That identification followed a three-mile car chase which ended when Sherod crashed the rental car into a telephone pole and escaped on foot. Additional evidence, including his beeper and the rental agreement found in the car, cemented his identity as the individual who fled on foot after wrecking the car. Furthermore, his phone call to a witness stating that he had guns added to the already sufficient quantum of evidence. Sherod, therefore, as an authorized driver of the rental car possessed a quasi-ownership interest in the car, and as its driver exercised extensive dominion and control over the car. This evidence was sufficient to establish constructive possession of its contents.

Sherod suggests that because other people had access to the car, the Government failed to prove he was in possession of the weapons. In support of that contention, he cites United States v. Wright, 24 F.3d 732, 735 (5th Cir. 1994), for the proposition that mere dominion over the vehicle cannot establish constructive possession of its contents. As an initial matter, the Government need not exclude every reasonable hypothesis of innocence. United States v. Jackson, 863 F.2d 1168,

2

1173 (4th Cir. 1989). In addition, <u>Wright</u> is factually distinguishable. The Fifth Circuit concluded that it was not the defendant, the driver, who exercised dominion and control over the car. Rather, it was the passenger and owner. In <u>Wright</u>, the defendant exercised only temporary control over the car as the driver, but did not have control over the glove box where the gun was found because his passenger was in possession of the key to the glove box. Further, Wright did not own the car. The Fifth Circuit suggested that there would have been no error in finding constructive possession if those factors had been absent. <u>Wright</u>, 24 F.3d at 735. In this case, they are completely absent and there was no error in concluding that there was sufficient evidence to support a finding of constructive possession.

In addition, Sherod cites <u>United States v. Powell</u>, 929 F.2d 724 (D.C. Cir. 1991), for the proposition that the Government must prove that he knew to a practical certainty that there were firearms in the trunk. This case is exceptionally unhelpful. Not only did the Government fail to show that the defendant in <u>Powell</u> exerted any dominion or control over the firearm in the case, the District of Columbia Circuit Court was considering whether the defendant's association with the firearm constituted use under 18 U.S.C. § 924(c) (1994). The court in that case was not called on to consider the boundaries of constructive possession. Here, Sherod exerted dominion and control over the weapons and § 924(c) is not at issue.

Finally, Sherod urges the court to apply <u>Blue</u>, 957 F.2d at 108, as supporting his position. In <u>Blue</u>, we noted that a mere shoulder dip by a passenger in another person's car was not sufficient to establish possession of the firearm under the passenger's seat. <u>Id.</u> The case, while providing a definition of constructive possession, <u>id.</u> at 107, does not benefit Sherod for one unavoidable reason. Sherod was not the passenger in this car. He exerted complete dominion and control over the car in which the firearms were found and therefore over the firearms themselves. As with the other cases he cites, <u>Blue</u> does not advance his argument. Sherod's contention that there was insufficient evidence to convict him is without merit. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3