IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40290
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER DARNELL STEPHNEY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-98-CR-19-1
--------------------

October 20, 1999

Before JONES, WIENER, and STEWART, Circuit Judges.

PER CURIAM:*

Christopher Darnell Stephney appeals his sentence following his conviction for being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). Stephney argues that he should not have been sentenced under the guideline applicable to aggravated assault. Guidelines § 2K2.1 prescribes the penalties for violations of 18 U.S.C. § 922(g)(1). That guideline directs that, if the defendant used or possessed the firearm in

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

connection with the commission or attempted commission of another

offense, the guideline applicable to that other offense is to be used.  U.S.S.G. § 2K2.1(c)(1)(A).  The probation officer recommended and the district court adopted the use of § 2A2.2, which is captioned, "Aggravated Assault."  The application note to § 2A2.2 defines aggravated assault as "a felonious assault that involved (A) a dangerous weapon with intent to do bodily harm (i.e., not merely to frighten)...."  U.S.S.G. § 2A2.2, comment. (n.1).  This court has found that the aggravated assault of § 2A2.2 is "akin to the federal offense of assault with a dangerous weapon with intent to do bodily harm."  United States v. Perez, 897 F.2d 751, 753 (5th Cir. 1990).  The actor must be judged not by his undisclosed purpose to frighten, but from his visible conduct and "what one in the position of the victim might reasonably conclude."  Id.

The facts in the presentence report (PSR) adopted by the district court are that Stephney put five shots through the front door of the residence of an individual that he had been in a physical altercation earlier in the day and had threatened to shoot because that individual was homosexual.  See United States v. Lowder, 148 F.3d 548, 552 (5th Cir. 1998); United States v. Puig-Infante, 19 F.3d 929, 943 (5th Cir. 1994).  Stephney offered no evidence at the sentencing hearing to rebut the findings in the PSR.  A victim would be reasonable in concluding that someone, who had threatened to shoot him earlier in the day and who then put five shots into his front door, intended to do him

bodily harm.  The determination that Stephney committed an

aggravated assault is not clearly erroneous.

AFFIRMED.