**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 99-4759

LEONARD HARRIS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-99-138)

Submitted: June 20, 2000

Decided: July 7, 2000

Before WIDENER, WILLIAMS, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Russell N. Allen, Richmond, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, Rodney L. Jefferson, Special Assistant United
States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Leonard Harris appeals his criminal conviction for possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) (1994). Harris raises only one issue on appeal. He contends that the evidence at trial was insufficient to prove that he was in possession of the firearm in question. Finding no merit to this contention, we affirm.

Considering the evidence in a light most favorable to the Government, as we must, United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993), there was sufficient evidence to show that Harris had constructive possession of the firearm. "`[T]o establish constructive possession the government must produce evidence showing ownership, dominion, or control over . . . the vehicle in which the contraband is concealed.'" United States v. Blue, 957 F.2d 106, 107 (4th Cir. 1992) (quoting United States v. Ferg, 504 F.2d 914, 916-17 (5th Cir. 1974) (ellipsis added)); see also United States v. Perez, 897 F.2d 751, 754 (5th Cir. 1990) (noting constructive possession "may be shown by dominion over the vehicle in which the item is located"). The testimony at trial positively identified Harris as the co-owner and driver of the vehicle in which the police discovered the Smith and Wesson .357 magnum revolver. Harris, as part-owner and driver of the car, exercised extensive dominion and control over the vehicle. Furthermore, the testimony of Harris's daughter positively identifying the weapon as one possessed previously by her father cemented Harris's possession of the firearm. This evidence was sufficient to establish constructive possession of the vehicle's contents.

Harris contends that our decision Blue, 957 F.2d at 108, supports his position. In Blue, we noted that a mere shoulder dip by a passenger in another person's car was not sufficient to establish possession of the firearm under the passenger's seat. Id.  The case, while providing a definition of constructive possession, id.  at 107, does not benefit Harris for one unavoidable reason: Harris was not a mere passenger in this car. At the time police discovered the weapon, Harris exerted complete dominion and control over the vehicle in which the firearm was found and therefore over the firearm itself. The firearm was in plain view in the trunk with clothes belonging to Harris. Harris's con-

tention that there was insufficient evidence to convict him is without merit. Consequently, Harris's conviction is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3