**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*,<br><br>v.<br><br>PAUL DAVID SWALLOW, AKA Paul Dean Swallow,<br>*Defendant-Appellant.* | No. 16-30224<br><br>D.C. No.<br>2:16-cr-00074-WFN-1<br><br><br>OPINION |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, Senior District Judge, Presiding

Argued and Submitted December 4, 2017
Seattle, Washington

Filed June 11, 2018

Before: Richard C. Tallman and Paul J. Watford, Circuit Judges, and Richard F. Boulware II,[*] District Judge.

Opinion by Judge Watford

---

[*] The Honorable Richard F. Boulware II, United States District Judge for the District of Nevada, sitting by designation.

## SUMMARY[**]

### Criminal Law

The panel vacated a sentence imposed following the defendant's guilty plea to assault resulting in serious bodily injury, and remanded for resentencing.

The panel held that the district court properly applied an enhancement under U.S.S.G. § 2A2.2(b)(2)(B), which applies if "a dangerous weapon (including a firearm) was otherwise used" during commission of the offense. The panel wrote that the district court properly concluded that the defendant's tennis shoes qualified as dangerous weapons when he used them to kick and stomp the victim's head.

The panel held that the district court erred in applying an enhancement under U.S.S.G. § 2A2.2(b)(5), which applies if "the assault was motivated by a payment or offer of money or other thing of value." The panel observed that no evidence remotely suggests that the defendant had been hired by someone to assault the victim, or that he had been paid anything of value for undertaking the assault.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Colin G. Prince (argued), Federal Defenders of Eastern Washington & Idaho, Spokane, Washington, for Defendant-Appellant.

James A. Goeke (argued) and Alison L. Gregoire, Assistant United States Attorneys; United States Attorney's Office, Spokane, Washington; for Plaintiff-Appellee.

## OPINION

WATFORD, Circuit Judge:

Paul Swallow pleaded guilty to assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 113(a)(6), 1153. On appeal, he challenges the district court's calculation of his sentencing range under § 2A2.2 of the United States Sentencing Guidelines, the provision that governs aggravated assault offenses. In particular, Swallow challenges two enhancements imposed by the court: (1) a four-level increase under § 2A2.2(b)(2)(B), which applies if "a dangerous weapon (including a firearm) was otherwise used" during commission of the offense; and (2) a two-level increase under § 2A2.2(b)(5), which applies if "the assault was motivated by a payment or offer of money or other thing of value." We conclude that the district court properly applied the first enhancement but erred by imposing the second.

The facts relevant to this appeal are straightforward but tragic. Swallow and the victim of the offense were casual acquaintances. Swallow's wife gave the victim ten dollars to purchase methamphetamine, with the expectation that the

victim would return later with the drugs. When Swallow and his wife met up with the victim at a casino to obtain the methamphetamine, the victim refused to provide the drugs or return the money. Swallow and his wife later encountered the victim in the parking lot of the casino. Egged on by his wife, who called Swallow a coward for letting the victim rip them off, Swallow decided to engage the victim in a fist-fight. Swallow swung first, knocked the victim to the ground, and then, while wearing tennis shoes, proceeded to kick the victim while he was on the ground. At first, the victim kicked back and attempted to defend himself. But after Swallow landed several vicious kicks to the victim's torso and head, the victim lay motionless, apparently unconscious. Rather than walk away, Swallow continued to kick the victim in the head with full force, as though he were kicking a football. Swallow then stomped on the victim's head with the bottom of his shoe, crushing the victim's head into the pavement. The victim was hospitalized as a result of the attack and suffered permanent cognitive impairment.

We will begin with the enhancement for use of a dangerous weapon. As relevant here, the Guidelines define the term "dangerous weapon" as "an instrument capable of inflicting death or serious bodily injury." U.S.S.G. § 1B1.1 cmt. n.1(D)(i). There is no dispute that the victim suffered serious bodily injury as that term is defined in the Guidelines. § 1B1.1 cmt. n.1(L). The only question is whether Swallow used an "instrument" capable of inflicting such injury with the intent to injure his victim. *United States v. Dayea*, 32 F.3d 1377, 1380 (9th Cir. 1994). The district court concluded that he did. That is a guideline-application determination we review for abuse of discretion. *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).

There are two types of instruments that qualify as dangerous weapons: those that are inherently dangerous (such as guns and knives), and those that, while not dangerous *per se*, can become so by virtue of the manner in which they are used. *United States v. Smith*, 561 F.3d 934, 939 (9th Cir. 2009) (en banc); *United States v. Riggins*, 40 F.3d 1055, 1057 (9th Cir. 1994). This latter category of instruments can include virtually any object—including things like walking sticks, leather straps, and tennis shoes—depending upon "the manner in which they were used." *Riggins*, 40 F.3d at 1057; *see Dayea*, 32 F.3d at 1379. If the defendant uses such an object to "augment the force of his physical assault," in a manner capable of inflicting serious bodily injury, the object may constitute a dangerous weapon. *United States v. Rocha*, 598 F.3d 1144, 1157 (9th Cir. 2010).

In this case, the district court did not abuse its discretion in concluding that Swallow's tennis shoes qualify as dangerous weapons, given the manner in which they were used. Although tennis shoes are not inherently dangerous, Swallow undoubtedly used his shoes to augment the force of the kicks and the stomp he delivered to the victim's head; the shoes enabled Swallow to inflict greater harm than if he had delivered the kicks and stomp with his bare feet. And Swallow used his shoes to commit the assault in a manner capable of producing serious bodily injury. Kicking someone in the head with full force while he is lying on the ground unconscious can obviously produce such injury. That is even more true of stomping on someone's head while the person's head rests on a hard surface, such as the parking lot pavement involved here.

Our conclusion that Swallow's tennis shoes qualify as dangerous weapons is amply supported by precedent, both

from our circuit and our sister circuits. Our court has not yet squarely addressed the issue, but we included tennis shoes among the objects that can qualify as dangerous weapons in *Dayea*. 32 F.3d at 1379. In *Riggins*, we held that the defendant used a shoe as a dangerous weapon when she beat her two-year-old son with it, although there the defendant apparently held the shoe in her hand. 40 F.3d at 1057. And in *Rocha*, we held that assault with a dangerous weapon cannot be committed by using one's bare hands or feet alone, but we again suggested that kicking someone while wearing shoes can qualify as use of a dangerous weapon, depending on the manner in which the kicks are delivered. 598 F.3d at 1157. Several of our sister circuits have squarely addressed this issue, and they have held that shoes qualify as dangerous weapons when, as here, they are used to kick or stomp the victim in a manner capable of producing serious bodily injury. *See, e.g.*, *United States v. Velasco*, 855 F.3d 691, 692–93 (5th Cir. 2017) (shoes used to stomp victim's head into prison floor); *United States v. Steele*, 550 F.3d 693, 699 (8th Cir. 2008) (kicking victim in torso with tennis shoes); *United States v. Serrata*, 425 F.3d 886, 909–10 (10th Cir. 2005) (stomping on victim's head with work boots).

In short, an object that is not inherently dangerous can constitute a dangerous weapon if the defendant used the object to augment the force of the assault, in a manner capable of inflicting serious bodily injury. Here, the district court properly concluded that Swallow's tennis shoes qualified as dangerous weapons when he used them to kick and stomp the victim's head. The court therefore properly applied the four-level enhancement under § 2A2.2(b)(2)(B).

We reach a different conclusion with respect to the two-level enhancement under § 2A2.2(b)(5). That enhancement

applies if "the assault was motivated by a *payment or offer* of money or other thing of value." U.S.S.G. § 2A2.2(b)(5) (emphasis added). It serves the same function as the similar enhancement found in the guideline covering assault with intent to commit murder, which applies if "the offense involved the offer or the receipt of anything of pecuniary value for undertaking the murder." § 2A2.1(b)(2). Both enhancements are intended primarily to cover cases in which the offense was "committed for hire." § 2A2.2 cmt. (background).

No evidence remotely suggests that Swallow had been hired by someone to assault the victim, or that he had been paid or offered anything of value for undertaking the assault. Instead, the undisputed evidence showed that Swallow engaged in the assault because he had been egged on by his wife, who called him a coward for letting the victim take their money without providing the promised methamphetamine in return. On these facts, the two-level enhancement under § 2A2.2(b)(5) cannot be applied.

Because the district court erred in calculating the correct sentencing range under the Guidelines, and we cannot say the error was harmless, we must vacate Swallow's sentence and remand for resentencing. *See United States v. Munoz-Camarena*, 631 F.3d 1028, 1030–31 (9th Cir. 2011) (per curiam). Nothing we have said in this opinion, however, should be taken to suggest that the 84-month sentence originally imposed was substantively unreasonable. On remand, the court should bear in mind that, under

§ 2A2.2(b)(3), "the cumulative adjustments from application of subdivisions (2) and (3) shall not exceed 10 levels."

**SENTENCE VACATED; REMANDED FOR RESENTENCING.**