# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60053
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 19, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

IDA MAE SAM,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:17-CR-59-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges:

PER CURIAM:[*]

A jury convicted Ida Mae Sam of assault with a dangerous weapon within the territorial jurisdiction of the United States, 18 U.S.C. §§ 113(a)(3) & 1153, and assault resulting in serious bodily injury within the territorial jurisdiction of the United States, §§ 113(a)(6) & 1153. Sam properly preserved a challenge to the sufficiency of the evidence of her intent to cause injury. Therefore, this court's review is de novo and "highly deferential" to the jury's verdict. *United*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60053

*States v. Gulley*, 526 F.3d 809, 816 (5th Cir. 2008). This court evaluates whether the evidence, viewed in the light most favorable to the verdict and with all reasonable inferences made in support of the verdict, "allows a rational fact finder to find every element of the offense beyond a reasonable doubt." *Id.* (internal quotation marks and citation omitted).

Although Sam properly preserved the issue, she fails to explain it in her opening brief. By providing only one conclusory sentence, Sam has abandoned this argument on appeal. *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) ("A party who inadequately briefs an issue is considered to have abandoned the claim," and "[a]n appellant abandons all issues not raised and argued in its *initial* brief on appeal.").

In any event, after reviewing the evidence in the light most favorable to the verdict, the evidence is sufficient for a rational fact finder to find that Sam had the required intent. 18 U.S.C. §§ 113(a), 1153; *United States v. Estrada-Fernandez*, 150 F.3d 491, 494 (5th Cir. 1998). Sam does not dispute that she stabbed Jonique Hickman with a knife; she simply maintains that it was an accident. However, the jury could reasonably find, based on Hickman's testimony, that Sam intended to cause bodily injury. Sam got the knife, engaged in a physical fight with Hickman's boyfriend, Thomas, and despite Hickman standing between the two of them, repeatedly swung the knife and continued to do so after Hickman had been cut and was bleeding. *See United States v. Perez*, 897 F.2d 751, 753 (5th Cir. 1990); *United States v. Velasco*, 855 F.3d 691, 694 (5th Cir. 2017).

Because the evidence is sufficient to support each assault conviction, the jury's verdict is AFFIRMED.