# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-11382

United States Court of Appeals
Fifth Circuit

**FILED**

January 10, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

OLUSOLA ADEREMI AKINGBADE,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-164-5

Before DAVIS, HAYNES, and OLDHAM, Circuit Judges.

PER CURIAM:*

A jury convicted Olusola Aderemi Akingbade of conspiracy to commit healthcare fraud and three discrete acts of healthcare fraud. At sentencing, the district court calculated an offense level of 28 and criminal history of I under the Sentencing Guidelines, leading to a recommendation of 78 to 97 months in prison. The court varied downward and sentenced Akingbade to 65 months.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11382

On appeal, as in the district court, Akingbade challenges his offense-level calculation. We review the district court's interpretation of the Guidelines *de novo* and its factual findings for clear error. *See United States v. Velasco*, 855 F.3d 691, 693 (5th Cir. 2017). A court may adopt facts contained in the Pre-Sentence Report "without further inquiry" if those facts have an "adequate evidentiary basis with sufficient indicia of reliability." *United States v. Sparks*, 941 F.3d 748, 756 (5th Cir. 2019) (quoting *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012)).

Akingbade first argues that he didn't abuse a position of trust under U.S.S.G. § 3B1.3. In *United States v. Njoku*, 737 F.3d 55 (5th Cir. 2013), we held that a registered nurse in a supervisory position abused a position of trust when she fraudulently "made the determination that specific patients qualified for home health care." *Id.* at 78. We have also held that a person "occupies a position of trust" when "Medicare relies on the honesty and forthrightness" of his "claim submissions." *United States v. Willett*, 751 F.3d 335, 344 (5th Cir. 2014). This case is analogous to *Njoku* because Akingbade is a registered nurse in a supervisory position who fraudulently certified patients for home healthcare services. And, as in *Willett*, Medicare relied on Akingbade's honesty and forthrightness in making certifications. The district court did not clearly err in finding that Akingbade abused a position of trust.

Akingbade next argues that he didn't harm ten or more victims under U.S.S.G. § 2B1.1(b)(2)(A)(i) because the only victim of his conspiracy was the United States. That argument is foreclosed by *United States v. Barson*, 845 F.3d 519, 167 (5th Cir. 2016) (per curiam), and our subsequent decisions applying that case. *See United States v. Mazkouri*, 945 F.3d 293, 305 n.3 (5th Cir. 2019); *United States v. Ainabe*, 938 F.3d 685, 689 (5th Cir. 2019); *United States v. Kalu*, 936 F.3d 678, 683 (5th Cir. 2019). These cases "hold that individuals whose identities are used to fraudulently bill the Government are

'victims'" for purposes of § 2B1.1(b)(2). *Mazkouri*, 945 F.3d at 305 n.3. Akingbade's brief does not dispute the Pre-Sentence Report's finding that his conspiracy involved the fraudulent use of more than 350 Medicare beneficiaries' identities. That is sufficient to establish that there were ten or more victims under § 2B1.1(b)(2)(A)(i).

AFFIRMED.