# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 13, 2020

Lyle W. Cayce
Clerk

No. 19-50535

United States of America,

*Plaintiff—Appellee*,

*versus*

Damion Donte Montgomery,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:18-CR-334-1

Before Owen, *Chief Judge*, and Davis and Southwick, *Circuit Judges*.
Per Curiam:

Damion Donte Montgomery pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2) (Count 1); possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count 2); and distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count 3).

The district court sentenced Montgomery to 84 months on Count 1 and to concurrent 125-month sentences on Counts 2 and 3. The court ordered the sentence in Count 1 to be served concurrently with the sentences

No. 19-50535

in Counts 2 and 3. Montgomery's sentence was an upward variance from the guidelines range of 84 to 105 months.

Montgomery argues on appeal that the district court misapplied U.S.S.G. § 4A1.1(e) because his prior Texas offenses for aggravated robbery were committed on the same day, and therefore he should not have received a fourth criminal history point. This court reviews the district court's application of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Velasco*, 855 F.3d 691, 693 (5th Cir. 2017).

Montgomery received the fourth point under § 4A1.1(e) because the two aggravated robbery counts were treated as a single prior sentence under U.S.S.G. § 4A1.2(a)(2), and Montgomery did not receive criminal history points for the sentence imposed on the second count of conviction. In other words, it did not matter, for purposes of § 4A1.1(e), that the aggravated robberies occurred on the same day. His multiple prior sentences were properly treated as a single sentence because he was charged with two counts of aggravated robbery in the same indictment, pleaded guilty to each of those robberies in the same proceeding, and faced sentencing for both counts on the same day. *See* § 4A1.2(a)(2); *see also United States v. Chan-Xool*, 716 F. App'x 274, 277 (5th Cir. 2017). Accordingly, Montgomery's claim that the district court erred in applying § 4A1.1(e) is without merit. His criminal history score was correctly calculated.

He also argues that his above-guidelines sentence is substantively unreasonable because the district court gave significant weight to a 2018 charge for assault causing bodily injury of a family member that was still pending and another assault charge that was dismissed in 2019.

A review of the district court's statements at the sentencing hearing reflect that the court's decision to impose an above-guidelines sentence was not based on Montgomery's 2018 and 2019 assault charges. Rather, the court

based its decision on a number of the 18 U.S.C. § 3553(a) factors, including not only Montgomery's criminal history, but also the nature and circumstances of the offense and the need for the sentence imposed to afford adequate deterrence to criminal conduct and to protect the public. Considering the totality of the circumstances and giving appropriate deference to the district court's consideration of the § 3553(a) factors, it cannot be said that the court abused its discretion in imposing Montgomery's sentence. *See United States v. Fraga*, 704 F.3d 432, 439-40 (5th Cir. 2013).

Based on the foregoing, the judgment of the district court is AFFIRMED.